■ In the Matter of JACQUELINE STOLLS, Appellant, v. GERALD CABOT, Respondent.— Petitioner, ex-wife, appeals from so much of an order of the Family Court, Richmond County, dated December 11, 1972, and amended January 4, 1973, which modified the support provisions contained in a separation agreement that was incorporated in a Mexican divorce decree and survived it. The agreement, *inter alia*, provided for the payment of $100 a week for the support of petitioner and their three children until she remarries at which time the amount would be reduced to $75 weekly. Both parties have remarried, and prior Family Court applications by the parties for upward and downward modification resulted in a 1972 order reducing the child support to $50 weekly, based upon the wife's part-time employment and the husband's inability to maintain payments. The order appealed from restored the $75 weekly payment, as set forth in the separation agreement, to continue while petitioner remains unemployed. Upon her reemployment, the order would reduce the support figure to $50 a week. Order modified, on the law and the facts, by eliminating the provision requiring the reduction of support *in futuro*. As so modified, order affirmed insofar as appealed from, without costs. Whether, if petitioner becomes employed, there should be a reduction in support payments, should not now be decided. Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ In the Matter of LASZLO SZABO, Respondent, v. LIPSON, SADOW & MARCUS et al., Appellants.— In a negligence action, the outgoing attorneys for petitioner, who seeks a substitution of attorneys, appeal as limited by their brief from so much of an order of the Supreme Court, Queens County, entered March 1, 1974, as, directed them to turn over the file on payment of $76 in disbursements and decreed that they have a charging lien on the proceeds of any recovery in the action in an amount to be determined by the court at the termination of the case. Order modified, on the law, by deleting the last decretal paragraph providing for the charging lien and matter remitted to the Special Term for a hearing and determination by the court upon the issues of the reasonable value of the services rendered by appellants and, in the discretion of the court, payment thereof may be deferred. As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements. No questions of fact have been considered. "When a client discharges his attorney without cause, the attorney is entitled to have his compensation determined in a fixed dollar amount, presently payable or secured by a lien on the cause of action, based on the reasonable value of his services" (*Shelbourne Garage* v. *Licht*, 34 A D 2d 563, and cases cited therein). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.