Jasen, J.
In 1970, the parties entered into a separation agreement pursuant to which the respondent husband agreed to pay the petitioner wife, inter alia, the sum of $1,250 per month for a period of three years. Shortly thereafter, this separation agreement was incorporated, but not merged, in a bilateral Mexican divorce decree. After the expiration of the three-year term, the wife initiated this proceeding in Family Court to modify the decree so as to obligate the husband to continue to make monthly payments in the amount of $1,250 until her death or remarriage. The sole issue before us is whether this Mexican decree was, after the expiration of the three-year term, a decree "granting alimony or support” so as to give the Family Court jurisdiction to enforce or modify the decree pursuant to subdivision (c) of section 466 of the Family Court Act.
The powers of the Family Court, as a court of limited jurisdiction, are restricted to those granted it by the precise language of the statute. While no legislative history instructive as to this precise issue has been found, the language of this section*, read against this background of limited jurisdiction, suggests that the Family Court is without jurisdiction unless, at the time the proceeding is commenced, there is a currently effective support or alimony provision. In our view it is not sufficient that the decree at one time provided for support or alimony payments. We are of the opinion that the *327 legislative intention was merely to provide a quick remedy for a spouse who finds that the particular level of support then in effect under the foreign decree is no longer adequate. We do not think that the Legislature intended to empower the Family Court to order support or alimony in a situation where the spouse is not currently entitled to any support or alimony at all under the existing foreign divorce decree.
Beyond this holding as to the narrow issue of Family Court jurisdiction, we do not pass on any other issues raised by the parties. Resolution of those issues is properly reserved until such time as petitioner, if she be so advised, seeks legal or equitable relief in an appropriate forum.
Accordingly, we reverse the order of the Appellate Division and reinstate the order of the Family Court dismissing the petition.

 Subdivision (c) of section 466 of the Family Court Act provides in relevant part as follows:
"if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such [divorce] action, the family court may
"(i) entertain an application to enforce the order or decree granting alimony, or
"(ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.”