■ VALERIE WERTHEIMER, Respondent, v EDWARD WERTHEIMER, Appellant.—In a proceeding *inter alia* to modify the alimony and child support provisions of a foreign divorce decree, the appeals are from three orders of the Supreme Court, Nassau County: (1) an order dated May 1, 1975 which (a) granted the petitioner wife's motion to examine appellant before trial as to his finances and (b) denied the appellant husband's motion for partial summary judgment dismissing so much of the petition as sought an increase in alimony; (2) an order dated June 11, 1975 which denied appellant's motion for reargument (deemed by this court as one to rehear insofar as it sought to review that part of the order dated May 1, 1975 which required appellant to submit to an examination before trial); and (3) an order dated June 23, 1975 which set the dates for the pretrial examination and the hearing. Order dated May 1, 1975 modified, on the law, by deleting the provision which denied appellant's motion and by substituting therefor a provision that the motion is granted. As so modified, order affirmed, without costs. Appeal from so much of the order dated June 11, 1975 as denied reargument of appellant's motion for partial summary judgment dismissed. No appeal lies from an order denying reargument *(Roberts v Connelly,* 35 AD2d 813). Order otherwise affirmed, without costs. Order dated June 23, 1975 affirmed, without costs. The examination before trial of appellant shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by respondent, or at such time and place as the parties may agree. Subdivision (c) of section 466 of the Family Court Act empowers the Family Court to entertain applications to enforce and modify alimony

and support provisions of foreign decrees irrespective of the grounds upon which the decrees were granted. This is a new class of proceeding and one in which the Supreme Court is deemed to have concurrent jurisdiction by virtue of section 7 of article VI of the New York State Constitution *(Matter of Seitz v Drogheo,* 21 NY2d 181). Nevertheless, as was held in *Matter of Silver v Silver* (36 NY2d 324), jurisdiction to modify an alimony provision under subdivision (c) of section 466 of the Family Court Act is precluded when the foreign decree does not contain a currently effective provision for alimony. In the instant case the decree, which incorporated the parties' separation agreement without merger, did not contain the necessary currently effective alimony provision (unlike its continuing provision for child support). We fail to find merit to appellant's argument that it was an abuse of discretion for Special Term to direct that he appear for a pretrial examination as to his finances. Under the circumstances of this case, petitioner established a legitimate need for such examination relative to her application for increased child support. Finally, the motion which resulted in the order of June 11, 1975, nominally entitled one to reargue, was based on new matter relative to the pretrial examination motion and was, therefore, a motion for rehearing. The order denying that part of that motion is appealable *(Soffair v Koffler,* 29 AD2d 659). Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.