■     ROBERT A. STERLACE, Respondent, v BARBARA A. STERLACE, Appellant.—Judgment unanimously modified, on the law and facts, in accordance with memorandum and as modified affirmed, without costs. Memorandum: Defendant was granted a separation from plaintiff on the grounds of abandonment. In this appeal she urges that the award of alimony is insufficient; that the trial court erred in limiting alimony to a one-year period and abused its discretion in denying her application for counsel fees.

The judgment appealed from directs, *inter alia,* that plaintiff pay to defendant alimony of $300 per month for "one (1) year commencing July 1, 1975 and to terminate June 1, 1976" and orders that defendant "pay her attorney all necessary and reasonable fees for services". Not contested is the court's award to defendant of the use and possession of the marital premises, including the household furnishings, and the directive that plaintiff pay $200 per month for the support of one child in defendant's custody. The judgment requires that the defendant be responsible for the payment of the mortgage, taxes and insurance for the marital premises. The monthly principal and interest mortgage payment is $139.42 and the average monthly expense for taxes and insurance is $54.31. It is only equitable that since the property is owned by the entirety the plaintiff should contribute to these expenses. The award of alimony should be increased, therefore, to $395 per month. We note from the record that requiring the plaintiff to pay this additional sum will not work a financial hardship upon him. There is no basis in the record, however, for the elimination of alimony *in futuro.* Whether, upon a change of circumstances, alimony should be eliminated or reduced should not now be decided (see *Matter of Stolls v Cabot,* 45 AD2d 1014). Where there is a need for support, a husband must "carry the unescapable duty which is his, not consensually but by common law and statute, to provide support for the wife" *(McMains v McMains,* 15 NY2d 283, 288). "A wife is not entitled to a share of her husband's income as such * * * but she must have minimum support." *(McMains v McMains, supra,* p 288.) Similarly, the record is devoid of any justification for terminating after one year the court's direction that plaintiff "maintain Blue Cross and Blue Shield or other suitable medical coverage for [defendant]". So much of the fourth decretal paragraph in the judgment as limits alimony to one year and terminates the same as of June 1, 1976 and so much of the sixth decretal paragraph therein as limits to one year plaintiff's obligation to maintain for defendant the designated medical and health care insurance should be eliminated. In light of the court's order that the money on deposit in a joint bank account be divided equally between the parties, it was not abuse of discretion to direct defendant to pay her own counsel fee. It appears that all of the savings of the parties were included in that account. Plaintiff suffers from a grave, military service-connected illness, is confined to his residence, has little or no control over his bodily functions and his income, though adequate, is limited to Social Security and Veterans Administration benefits. Each party received approximately $5,500 from the joint account. We note, finally, that defendant's counsel earlier was paid $1,500 from that account pursuant to a temporary order. (Appeal from judgment of Erie Supreme Court granting separation.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.