■ In the Matter of MARGARET RUBBO, Respondent, v VICTOR RUBBO, Appellant.—Order, Family Court, New York County, entered on December 23, 1976, denying respondent-appellant's motion to dismiss this support proceeding and cancel and annul all prior orders entered herein, unanimously reversed, on the law, without costs and without disbursements, and motion granted in all respects. The parties entered into a separation agreement on June 2, 1970 and obtained a Mexican divorce decree on June 20, 1970. The terms of the separation agreement pursuant to which petitioner waived her right to support were incorporated by reference, without merger, into the Mexican decree. Thereafter, the Family Court granted two support orders in favor of petitioner. At the time of the issuance of those orders the parties were no longer married and, accordingly, the Family Court lacked subject matter jurisdiction and the validity of the separation agreement is irrelevant to the jurisdictional issue presently raised. Nor does the fact relied upon by the Family Court, that the original support order was entered herein prior to the Court of Appeals decision in *Matter of Silver v Silver* (36 NY2d 324), detract from the settled law that since the Mexican court had personal jurisdiction over petitioner, no right to support can survive except as awarded by the final decree of divorce *(Lappert v Lappert,* 20 NY2d 364, 367). In *Matter of Silver v Silver* (supra, p 327), the court held: "We do not think that the Legislature intended to empower the Family Court to order support or alimony in a situation where the spouse is not currently entitled to any support or alimony at all under the existing foreign divorce decree." Concur—Murphy, P. J., Kupferman, Lupiano and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BONET, Appellant.—Judgment, Supreme Court, New York County, entered July 16, 1975, convicting defendant after trial of criminal possession of a weapon in the third degree, and sentencing him to a term of 3½ to 7 years imprisonment, is unanimously affirmed. We find that the police officers had probable cause to believe that defendant and his associates had committed, and were committing or attempting to commit, the crimes of larceny and forgery and, accordingly, the arrest was valid. The discovery and seizure of the weapon were at least incident to the arrest. Concur—Kupferman, J. P., Silverman, Markewich and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTINEZ, Appellant.—Pending counsel's compliance with *People v Saunders* (52 AD2d 833), appeals held in abeyance from judgments rendered January 6, 1975, Supreme Court, Bronx County, convicting defendant on his plea of guilty of two counts of criminal sale of a controlled substance in the third degree and sentencing him to two concurrent indeterminate terms of imprisonment of one year to life. (See *Anders v California,* 386 US 738.) Counsel shall furnish appellant with a copy of the appellant's brief and any accompanying advice within 15 days from the entry of the order hereon. Appellant shall have until 30 days thereafter to file any points *pro se* or to move for substitution of counsel. Thereafter, counsel may move this court for leave to withdraw and for a determination of the appeal on the merits. Concur—Kupferman, J. P., Silverman, Markewich and Lynch, JJ.