■ DIANE GAMBLE, Appellant, v LAWRENCE GAMBLE, Respondent.—In a

matrimonial action, in which the plaintiff wife had previously been granted a judgment of divorce, which incorporated but did not merge therein a separation agreement, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated February 9, 1977, which, *inter alia,* denied her motion for (1) temporary alimony and child support pending a hearing as to the financial circumstances of the parties since the date of the entry of the divorce decree, (2) a trial *de novo* and (3) exclusive occupancy of the marital residence. Order modified, by adding thereto a provision directing a hearing as to whether the separation agreement and amendment thereto were voluntarily entered into by the plaintiff-appellant. As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for further proceedings consistent herewith. On their face, the agreement and rider are valid, since they provide that prior to the sale of the house, the husband is to pay to the wife "any and all such sums as may be required by her." In view of the fact that the other points raised by the plaintiff depend upon the validity of the separation agreement, which will be determined at the hearing, we find it unnecessary to pass upon them at this time. Martuscello, J. P., Margett and O'Connor, JJ., concur; Suozzi, J., dissents and votes to affirm the order appealed from, with the following memorandum: By its determination herein, the majority takes the position that a hearing is necessary to determine whether the subject separation agreement and amendment thereto, which were later incorporated but not merged into a divorce decree, were voluntarily entered into by the plaintiff. That hearing will presumably deal with the allegation contained in an affidavit of plaintiff to the effect that she was suffering from severe pain resulting from a nerve blockage at the time she executed the agreement and the amendment thereto, and that her previous attorney never explained those agreements to her. In my view, these allegations by the plaintiff, which are submitted as a virtual appendage to the other dubious points raised in her omnibus motion for relief at Special Term, are completely unsupported by any credible facts, and indeed are belied by the record. It was the wife's attorney who prepared the separation agreement and also prepared the amendment thereto, as requested by the wife, which it must be noted, gave plaintiff and her child adequate benefits. The agreement also stated: "That the parties hereto declare that each has read the within agreement and fully understands the facts and circumstances set forth herein, and believes the same to be fair, just and reasonable, and each executes the same freely and voluntarily." Further, in an affidavit submitted by a member of the law firm which drafted the separation agreement, the latter deposed that plaintiff had discussed the matter with him cogently, that he in turn explained each of the parts of the agreement to her, and that she never complained of any severe pain or discomfort which affected her ability to understand the agreement that she signed. In sum, plaintiff completely failed to sustain her burden of showing, prima facia, that the agreement and the amendment thereto were not voluntarily entered into by her and, accordingly, no hearing is necessary here. Further, by its decision, the majority sanctions a totally new, and in my opinion, unauthorized approach to the vacatur of a separation agreement. If there is to be an attack on the agreement, it should be made by a plenary action instead of by an omnibus motion for temporary alimony and a trial *de novo* on the issues of alimony, child support and exclusive possession of the marital home. Therefore, I dissent and vote to affirm.