■ SUZANNE KALLMAN, Respondent, v IRWIN KALLMAN, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Westchester County, dated December 30, 1976, which, after a hearing, inter alia, granted plaintiff's application to adjudge him to be in contempt for his failure to comply with his alimony obligations and denied his cross motion to reduce his alimony obligations. Order affirmed, with costs. A review of the record establishes that defendant-appellant, although having the financial ability and means, willfully and deliberately failed to comply with the provisions of the judgment of divorce by unilaterally modifying the monthly alimony payments without consent of plaintiff-re-

spondent and without an order of the court; he was, therefore, properly found to be in contempt of court. Furthermore, defendant failed to establish any grounds warranting a downward modification of such payments. Rabin, Shapiro and O'Connor, JJ., concur; Suozzi, J. P., concurs in the result, with the following memorandum. I concur in the majority's affirmance of the order of Special Term which (1) granted plaintiff's application to punish defendant for contempt for failure to maintain his alimony obligations pursuant to a judgment of divorce dated November 13, 1974 and (2) denied, on the merits, defendant's cross motion to modify downward the alimony provisions of said judgment on the ground that he had been fraudulently induced by plaintiff to agree to the alimony provisions of a separation agreement dated October 7, 1974. I would merely add the following observation: The relief requested by defendant in his cross motion, i.e., a downward modification of the alimony payments provided in a separation agreement and incorporated in a divorce judgment, is totally inappropriate to his attack on the separation agreement based on fraud in the inducement. An attack on the separation agreement based on fraud in the inducement must, of necessity, seek a vacatur of that agreement and not a downward modification of its monetary provisions. Finally, if there is to be an attack on the agreement, it should be made by a plenary action and not by motion (see *Gamble v Gamble,* 59 AD2d 549, 550 [dissenting mem]).