OPINION OF THE COURT
Ralph Diamond, J.
In this action by petitioner for enforcement of a support order made by another court, the respondent moves to dismiss the petition for lack of jurisdiction, together with other prayers for relief.
The question before the court is what formal language, if *60 any, is necessary to determine whether a separation agreement has been "incorporated by reference” in a judgment of divorce.
The basic facts are not in dispute. The parties were married on September 22, 1962 in the County of Nassau, State of New York. There were two children born of the marriage. The children are now 12 and 9 years of age.
On June 24, 1974, the parties, both residents of Nassau County, State of New York, entered into a separation agreement in that county. This separation agreement, among other things provided for child support of $50 per week for each of the two children and "the sum of $50.00 per week for the support of the wife so long as she does not remarry.”
Said separation agreement in paragraph "fourteenth” contained the following language: "Nothing herein contained shall be construed to bar or prevent either party from suing for absolute divorce in any competent jurisdiction because of any past or future fault on the other’s part. In any such action this Agreement shall be offered in evidence and, if acceptable to the Court, shall be incorporated by reference in the decree that may be granted in such suit. The decree shall be in conformity with the provisions hereof and shall in no respect impair or modify the same. Notwithstanding such incorporation, this agreement shall not be merged in the decree, but shall survive the same and shall be binding and conclusive on the parties for all time.”
Simultaneously with the execution of the separation agreement, the herein petitioner signed a power of attorney, consenting to a divorce in the Dominican Republic, which in pertinent part reads as follows: "I direct my said Attorney to submit to the Court for its approval an agreement of separation entered into between my self and the plaintiff and dated June 24, 1974, and to request that the Court ratify and affirm the said agreement and direct each of the parties to comply with the terms thereof and notwithstanding such incorporation, the provisions of said agreement shall survive the said decree and not merge therein.”
The parties agreed that the respondent had the choice of forum for the divorce and in fact he did appear in person in the Dominican Republic court.
The Dominican Republic court did grant the respondent a divorce decree on June 28, 1974. The divorce decree, in decretal paragraph second, contains the following language: *61 "Declare the Separation Agreement, subscribed to between the parties and dated the 24th day of June of 1974, which has been presented, is not affected nor modified by this judgment, and it will survive in the form established by the laws of the place where the document was signed.”
Neither party challenges the validity of the Dominican Republic divorce decree.
The respondent bases his various prayers for relief on the ground that the Dominican Republic court, in its judgment of divorce, contains "express verbiage that the Court did not approve the separation agreement nor, incorporate, even by reference, the agreement provisions.”
He also claims that the Dominican court made no provision for the wife’s support and disregarded the separation agreement.
He further contends, that the Dominican court determined that she is not entitled to support.
The court finds the following:
1) That the Dominican court, in referring to the June 24, 1974 separation agreement between the herein parties, declared that the agreements, terms and conditions were not "affected nor modified” by its judgment.
2) That the Dominican court, by declaring that the terms of the separation agreement "will survive in the form established by the laws of the place where the document was signed” in effect approved the terms and conditions of the separation agreement. The court finds absolutely no merit to respondent’s conclusion that the Dominican court "determined that she is not entitled to support.”
3) That contrary to respondent’s contention, the Dominican court did not disregard the separation agreement, rather it did make reference to it throughout its judgment of divorce. In its decretal paragraph second, the Dominican court clearly states that the separation agreement had been presented to it for consideration. That same paragraph declares that the separation agreement will survive pursuant to its original terms and conditions.
4) That the original terms and conditions of the separation agreement between the parties provided that the respondent pay the sum of $50 per week for the support of the petitioner, so long as she does not marry. The parties agree that the petitioner has not remarried and that the separation agree *62 ment has not been amended in any manner, the court, therefore, concludes that the petitioner is currently entitled to alimony support.
5) That both parties intended the separation agreement to be incorporated by reference, but to survive the Dominican judgment of divorce.
The only remaining question is whether the Dominican court has "incorporated by reference” the separation agreement. There is no question that the Dominican court had the separation agreement before it, considered it and included a reference to it in the decretal paragraph second. The Dominican judgment of divorce does not contain the term "incorporated by reference”.
When does a court incorporate by reference a separation agreement? Does a court have to use any specific language in its judgment of divorce to make it an incorporation by reference? This court has found no reported case setting forth any requirement of any specific language or defining when a separation agreement is in fact incorporated by reference.
Section 699.9 (Form J13) of the Rules of the Appellate Division (22 NYCRR 699.9 [b] — Form J13) Second Department, titled "Approved Forms for Matrimonial Judgments” reads as follows: "Ordered, Adjudged and Decreed that the (separation agreement, stipulation) entered into between the parties on the_day of_19_, a copy of which is on file with the court, shall survive and shall not be merged in this judgment, and the court retains jurisdiction of the matter, concurrently with the Family Court, for the purpose of specifically enforcing such of the provisions of that (stipulation, agreement) as are capable of specific enforcement or, to the extent permitted by law, of making such further decree with respect to alimony, support, custody or visitation as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both, and it is further”.
It is interesting to note that the Appellate Division’s approved form does not contain the words "incorporated by reference” nor does it require the court to set forth the amount of any support payment. A comparison of the text of our Appellate Division approved form is similar to the language contained in the Dominican judgment of divorce.
The court finds that no specific language is necessary to create an incorporation by reference. The court must look to the entire judgment of divorce and the surrounding circum *63 stances to determine whether another court’s judgment of divorce incorporated a separation agreement by reference.
Taking into consideration the intention of the parties; the presentation and consideration of the separation agreement by the Dominican court, the order of that court in decretal paragraph second; plus other references to the separation agreement by that court; the court concludes that Dominican court’s judgment of divorce did incorporate by reference the parties separation agreement.
The court further concludes that said separation agreement which survived the judgment of divorce does require the respondent to pay the petitioner current support. Therefore, the court, pursuant to subdivision (c) of section 466 of the Family Court Act, does have jurisdiction in this matter to enforce the support provision of another court. (Matter of Silver v Silver, 36 NY2d 324; Wertheimer v Wertheimer, 50 AD2d 879.) Respondent’s motion is denied in its entirety.
The court wishes to further state for the record that had it not denied the respondent’s motion for the above-stated reasons, it would have denied his motion on the following grounds.
The respondent, having sought and having obtained the consent of the petitioner to a divorce in a jurisdiction selected by the respondent, will not be heard to repudiate the judgment which that court entered in his favor. He cannot seek to take advantage of the divorce and at the same time prevent the petitioner from pursuing her remedy of enforcement in our court. (Krause v Krause, 282 NY 355.)