OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by plaintiff wife for an upward modification of alimony and child support, for a declaratory judgment that certain provisions of the separation agreement between the parties are null and void, and for counsel fees on this application, is consolidated for the purpose of disposition with defendant husband’s cross motion to dismiss the motion in chief on various grounds.
The parties entered into a separation agreement on May 31, *110 1967 which provided, insofar as relevant here, for an unallocated annual sum, payable in monthly installments, for support for plaintiff and the parties’ then three unemancipated children. By the terms of the agreement that sum fluctuated upon the happening of various events, i.e., death, remarriage, emancipation of a child. It further provided for indirect payments (medical, dental, educational, etc.) and contained a provision whereby the annual sum would be reduced, in the event plaintiff obtained employment, to the extent of $1 for each $2 in income she earned. As an unallocated sum the entire amount was taxable to plaintiff and the parties so recognized by express provision in the agreement, which also contained a further provision for reimbursement of taxes paid by plaintiff on support income over a certain amount.
In 1975 plaintiff brought an upward modification proceeding in the Family Court which was denied as to increased support for plaintiff and granted as to increased child support. On appeal, the increased child support was reversed and remanded (55 AD2d 516) because of the lack of competent proof of the child’s needs. Apparently, no hearing on the remand has ever been held.
Defendant husband opposes that part of plaintiff’s motion which seeks an upward modification of the support provision of the Mexican decree on both procedural and substantive grounds. His argument, that because there is no underlying action or proceeding pending before this court and thereby no jurisdictional predicate for the relief sought, is without merit. That this court has subject matter jurisdiction to entertain an application to modify the alimony and support provisions of a foreign divorce decree is without doubt (Family Ct Act, § 466, subd [c], par [ii]; Matter of Seitz v Drogheo, 21 NY2d 181, 186). The manner in which such an application is properly brought before the Supreme Court is uncertain. At bar, this motion was made by order to show cause and affidavits by plaintiff in support thereof, all of which were personally served upon defendant. This procedure would have been entirely correct in seeking to modify a New York decree (Domestic Relations Law, §§ 236, 240). Whether a special proceeding is the applicable device is questionable in light of the lack of any authorization therefor (CPLR 103, subd [b]).
In enacting subdivision (c) of section 466 of the Family Court Act the "legislative intention was merely to provide a quick remedy for a spouse who finds that the particular level *111 of support then in effect under the foreign decree is no longer adequate”. (Matter of Silver v Silver, 36 NY2d 324, 327; italics added.)
Section 466 (subd [c], par [ii]) of the Family Court Act provides that in such a situation the Family Court may "entertain an application to modify the order or decree” (italics added) and paragraph (i) of subdivision (c) of that section provides the same mechanism for enforcement.
An application in the Family Court must be brought on by petition. (See Family Ct Act, § 423.)
Since the Supreme Court has general jurisdiction it therefore also has jurisdiction to modify and enforce a foreign judgment of divorce. The Court of Appeals took this position in Matter of Seitz v Drogheo (supra) and put it this way at page 186: "While it is true that section 466 does not directly confer jurisdiction on the Supreme Court, concurrently with the Family Court, to entertain applications for the enforcement and modification of foreign alimony and support decrees, we have held that '[o]nce the Legislature create[s] the [new] cause of action, jurisdiction to entertain it automatically vest[s] in the Supreme Court, by virtue of article VI of the Constitution.’ (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166, supra; emphasis added.)”
There are two basic vehicles for relief in the Supreme Court, an action and a special proceeding. An action is commenced by service of a summons; a special proceeding by service of notice of petition or by order to show cause (CPLR 304).
Motion practice is of course available in both.
A motion is an application for an order and is made in an action or special proceeding which are necessary predicates for such application.
In the area of matrimonial law post-domestic decree or judgment motions are permitted on the theory that the court retains jurisdiction even though a final decree or judgment has been entered.
Because the basic procedural vehicle in the Family Court is the petition some attorneys are of the view that enforcement and modification procedures of foreign decrees or judgments when brought in the Supreme Court must be by petition — and thus must be brought on as a special proceeding.
The legislative intent that the enactment of subdivision (c) *112 of section 466 of the Family Court Act was to provide "a quick remedy” could not have meant that modification and enforcement procedures in the Supreme Court be by special proceedings. Parties in a special proceeding, by leave of the court, with the exception of CPLR 3123 (notice to admit) which does not require court permission, have the right to employ the disclosure devices of CPLR 3102 (subd [a]).
This hardly comports with the intent to provide a "quick remedy”. Further, the use of a special proceeding in such a matter is questionable in light of the lack of any authorization (CPLR 103, subd [b]).
This court is of the opinion that the effect of subdivision (c) of section 466 of the Family Court Act was to convert a foreign decree or judgment into a domestic decree or judgment and, under the concept of retention of jurisdiction, within the parameters of full faith and credit and comity, provides the predicate for the regular motion practice utilized in the enforcement or modification of domestic matrimonial judgments or decrees.
Thus the procedure employed by the moving party was proper.
Equally without merit is defendant’s argument that this application is barred by the doctrine of res judicata. The prior determination of the facts as they then existed in 1975, and the determination thereon that there was no entitlement to the relief sought are not binding on this proceeding some three years hence.
Turning to the merits of plaintiff’s motion, the affidavits submitted reveal that during the intervening three yeears since the prior application circumstances have changed. In 1975 plaintiff apparently had $10,000 in a bank account which she claims she has totally depleted since then in paying household expenses and for the payment of Federal taxes. Plaintiff is now employed earning $90 per week (no indication of gross or net) which was not so in 1975. The remaining unemancipated daughter was living at home then and is now a college student who lives at school except for vacation periods. Plaintiff’s claimed current weekly budget for herself is $303.50 and for the child $28.75. Plaintiff claims her monthly expenses in 1975 were $927 but apparently she testified at the hearing, in the Family Court, to expenses of approximately $1,500 a month. In 1977 defendant paid plaintiff directly the $935 per month plus an additional $8,332 in *113 indirect payments as provided for in the agreement. Further although permitted to do so by the terms of the agreement, defendant has not reduced direct payments to plaintiff by reasons of her earnings or payments made by him attributable to college room and board. If one projects for the year 1978 it appears that by reason of direct payments and earnings plaintiff will receive net $15,900 as against her annual budget for herself and the child of $15,948.
It is apparent from the foregoing that plaintiff, contrary to her allegations, is not destitute or in danger of becoming a public charge, nor has there been any showing of increased needs of the child. If anything, insofar as direct outlay on plaintiff’s part is concerned, the child’s needs have decreased. The court therefore need not reach the questions raised by the parties of the impact of Matter of Boden v Boden (42 NY2d 210) on this application. That portion of the motion seeking upward modification is denied.
That part of plaintiff’s motion which seeks declaratory relief that paragraph "sixth (f)” of the separation agreement is null and void is likewise opposed by defendant on both procedural and substantive grounds. Unlike the situation presented on the request for modification there is no ambiguity in the manner in which a declaratory judgment is sought. It must be brought on by an action. (CPLR 3001.) The declaratory relief sought by plaintiff must be by plenary action and not by motion (accord, Kallman v Kallman, 60 AD2d 863). The irregularity in the manner in which the declaratory relief is sought cannot be disregarded by the court because of the resultant prejudice to defendant in compelling him to meet the general allegations of overreaching without the benefit of pleadings, a bill of particulars and appropriate discovery. The court denies this branch of plaintiff’s motion, but grants plaintiff leave to serve a summons and complaint on counsel for defendant within 20 days following service of a copy of this order with notice of entry. (CPLR 103, subd [c].)
In view of the lack of merit to the motion in chief, plaintiff’s application for counsel fees is denied.