■ MARGARET B. BEAVERSON, Respondent, v JAMES H. BEAVERSON, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: The question presented upon this appeal is whether the court may modify a foreign divorce decree with regard to alimony when the original decree made no provision for alimony. Defendant husband, while residing in Greece, commenced an action for divorce by service of process upon respondent in Watertown, New York, on August 10, 1972. Plaintiff wife did not appear before the Greek court and the decree became final on September 5, 1973, according to Greek law. The divorce decree made no provision for alimony. Plaintiff did not challenge the validity of the Greek decree. In May, 1978 she commenced a proceeding in Supreme Court, Jefferson County, seeking modification of the Greek decree to the extent of awarding alimony to her. The court entered an order modifying the Greek

decree and ordering that plaintiff may apply to the Supreme Court or to Family Court for an allowance of alimony pursuant to such modification. It is from this order that the appeal is taken. The order was in error. Subdivision (c) of section 466 of the Family Court Act provides: "If the supreme court enters an order or decree granting alimony or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under paragraph (a) (b) of this section; or *if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may* (i) entertain an application to enforce the order or *decree granting alimony,* or (ii) entertain an application to modify the order or *decree granting alimony* on the ground that there has been a subsequent change of circumstances and that modification is required." (Emphasis added.) This statute provides the authority for Supreme and Family Courts to modify a divorce decree of a foreign jurisdiction such as is involved in this case. "Subdivision (c) of section 466 of the Family Court Act empowers the Family Court to entertain applications to enforce and modify alimony and support provisions of foreign decrees irrespective of the grounds upon which the decrees were granted. This is a new class of proceeding and one in which the Supreme Court is deemed to have concurrent jurisdiction by virtue of section 7 of article VI of the New York State Constitution *(Matter of Seitz v Drogheo,* 21 NY2d 181)." *(Wertheimer v Wertheimer,* 50 AD2d 879-880; see, also, *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159). However, the authority to enforce or modify is limited to cases where there is a currently effective support or alimony provision *(Matter of Silver v Silver,* 36 NY2d 324; *Wertheimer v Wertheimer, supra).* (Appeal from order of Jefferson Supreme Court—modify divorce decree.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.