OPINION OF THE COURT
Alfred J. Weiner, J.
An application has been made by the respondent for an order vacating an order of enforcement dated July 9, 1979 and a payroll deduction order dated April 7, 1980. The petitioner opposes the application.
This court made an order of enforcement on April 7,1980 directing the respondent to make alimony payments to the petitioner in accordance with the divorce decree granted by the Superior Court, Arafton County, State of New Hampshire, on September 6, 1977.
Pursuant to the stipulation incorporated in the New Hampshire divorce decree, the respondent agreed to pay the petitioner the sum of $1,300 per month for 12 months as alimony and thereafter the sum of $1,100 per month as alimony pursuant to section 458:19 of New Hampshire Revised Statutes Annotated.
Section 458:19, the New Hampshire statute concerning alimony, states, in part, that: “Upon a decree of * * * divorce, the court may * * * order him [the husband] to pay such sum of money, as may be deemed just, provided that *851 in cases in which no children are involved, or in which the children have reached the age of majority, the order shall be effective for not more than three years from the date thereof”.
The respondent argues that the New Hampshire three-year limit to alimony payments applies to the New York order of enforcement and since there has been no extension, modification or renewal of the original alimony award in New Hampshire, this court’s order of enforcement must terminate accordingly.
The court’s jurisdiction in this proceeding is governed by subdivision (c) of section 466 of the Family Court Act which states that: “if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support in any such action, the family court may (i) entertain an application to enforce the order or decree granting alimony”.
At the time this court made its order of enforcement there was a valid foreign decree providing for alimony to the petitioner. However, this provision for alimony terminated three years later on September 6, 1980, pursuant to New Hampshire statute. Accordingly, on September 6, 1980, there was no longer a valid foreign decree providing for alimony to the petitioner.
The issue is whether this court’s order of enforcement automatically terminates at the conclusion of this three-year period.
Family Court is a court of limited jurisdiction. (Matter of Borkowski v Borkowski, 38 AD2d 752.) The limited jurisdiction in this particular proceeding only extends to the enforcement of the alimony provisions contained in the New Hampshire divorce decree. Once there is no longer a valid foreign divorce decree providing for alimony payments, Family Court’s jurisdiction to enforce the payment of alimony pursuant to that provision must terminate. The Legislature did-not intend to empower the Family Court to order support or alimony in a situation where the spouse is not currently entitled to any support or alimony at all under the existing foreign divorce decree. (Matter of Silver v Silver, 36 NY2d 324; Matter of Rubbo v Rubbo, 57 AD2d 532.)
*852 Since the New Hampshire court had personal jurisdiction over the parties, it had the power to determine the property and economic rights and obligations of the parties. (Lynn v Lynn, 302 NY 193.) Accordingly, the New Hampshire divorce decree is entitled to full faith and credit in New York with respect to the issue of alimony.
Inasmuch as the New Hampshire decree’s alimony provision expired after three years, this court is without jurisdiction to continue its order of enforcement beyond the three-year period. Additionally, this court does not have the jurisdiction to modify the divorce decree to include an alimony award since there is no longer an effective alimony provision contained in the New Hampshire decree. (Greene v Greene, 90 AD2d 533.) Jurisdiction to modify an alimony provision under subdivision (c) of section 466 of the Family Court Act is precluded when the foreign decree does not contain a currently effective provision for alimony. (Wertheimer v Wertheimer, 50 AD2d 879.)
Accordingly, this court’s order of enforcement is hereby vacated.
The amounts owed to the petitioner are calculated as follows: The sum of $2,100 representing a lump-sum settlement; the sum of $15,600 representing 12 months of payments at $1,300 per month; and the sum of $26,400 representing 24 months of payments at $1,100 per month; for a total amount of $44,000. The support collection unit shall compute any amounts still due and owing to the petitioner and disburse the same to the petitioner out of the moneys being held in escrow and the balance shall be disbursed to the respondent.