■ In the Matter of ANTHONY J., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Berler, J.), entered April 21, 1987, which, upon a fact-finding order of the same court, dated December 15, 1986, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sodomy in the first degree, adjudged him a designated felon and placed him on probation for two years. The appeal brings up for review the fact-finding order dated December 15, 1986.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We find no merit to the appellant's claim that the Family Court lacked subject matter jurisdiction of the proceeding because the People failed to offer testimony or documentation establishing that the appellant was less than 16 years of age when he committed the purported act of sodomy *(see,* Family Ct Act § 301.2 [1], [8] [ii]).

Generally, subject matter jurisdiction is the court's "power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question" *(Hunt v Hunt,* 72 NY 217, 229). A court's subject matter jurisdiction is conferred by the constitution or statute, and if the court lacks subject matter jurisdiction, the defect is not curable by waiver, consent, estoppel

or laches *(see, Nuernberger v State of New York,* 41 NY2d 111). Indeed, an "objection to the jurisdiction in such case may be taken at any stage of the action, and the court may, *ex mero motu* [of its own motion] at any time, when its attention is called to the facts, refuse to proceed further, and dismiss the action" *(Robinson v Oceanic Steam Nav. Co.,* 112 NY 315, 324; *see, Marine Midland Bank v Bowker,* 89 AD2d 194, 195-196, *affd* 59 NY2d 739). "However, there is a well-settled exception or proviso that this does not apply when the court had jurisdiction of the general subject matter but a contention is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case" *(Matter of Rougeron,* 17 NY2d 264, 271, *cert denied* 385 US 899).

We find that, despite the Family Court's limited jurisdiction *(see, Pearson v Pearson,* 118 Misc 2d 850, *affd* 108 AD2d 402, *affd* 69 NY2d 919), the petition, which set forth the appellant's age, was sufficient to confer upon the court jurisdiction over the proceeding. At no time has the appellant alleged that he was actually outside the court's jurisdictional age limitation *(see, Matter of Donald F.,* 97 AD2d 980; *Matter of Anne-Marie P.,* 131 Misc 2d 959; *see also,* Besharov, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 302.1 [1988 Pocket Part], at 41-42).

Viewing the evidence in a light most favorable to the presenting agency *(see, Matter of David H.,* 69 NY2d 792, 793; *Matter of Gaylord II.,* 106 AD2d 823, 825), we find that the People's evidence was sufficient to prove beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would constitute the crime of sodomy in the first degree *(see,* Family Ct Act § 342.2 [2]; *see also, Matter of Jerry XX.,* 115 AD2d 797, *lv denied* 68 NY2d 601). The unsworn testimony of the infant victim *(see,* Family Ct Act § 343.1 [2], [3])* was "corroborated by evidence tending to establish the crime and connecting [the appellant] with its commission" *(People v Groff,* 71 NY2d 101, 104; *cf., Matter of Nicole V.,* 71 NY2d 112, *rearg denied sub nom. Matter of Francis Charles W.,* 71 NY2d 890).

We have reviewed the appellant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.