OPINION OF THE COURT
Jeffry H. Gallet, J.
At issue in this foster care review proceeding is whether the Family Court can order the Commissioner of Social Services to continue foster care and provide specific services for a child who has reached the age of 18 years.
FACTS
This is a sad case. Matthew was placed in foster care by his paternal aunt at the age of 12 and has continued in the *687 custody of the Commissioner of Social Services (the Commissioner) since that day. It appears that Matthew, as a result of various emotional and intellectual handicaps, will remain a public charge of some sort for the rest of his life.
Indeed, this court held a hearing to determine whether Matthew was even competent to consent to the continuation of foster care. After hearing expert testimony on that subject, I found that he was able to consent.
The Law Guardian prays for an order continuing Matthew’s foster care placement and directing that certain specific services be supplied to him. The Commissioner does not take the position that Matthew should be removed from foster care, but argues that it is beyond the jurisdiction of the Family Court to make an order in reference to Matthew’s care beyond his eighteenth birthday.
This petition was filed prior to Matthew’s eighteenth birthday, which has since passed.
THE LAW
The Family Court is a court of limited jurisdiction. It possesses only such powers and jurisdiction as are specifically enumerated in the Constitution of the State of New York or granted pursuant to that Constitution by the Legislature. (NY Const, art VI, § 13 [b]; Pearson v Pearson, 118 Misc 2d 850, affd 108 AD2d 402, affd 69 NY2d 919; Matter of Roy v Roy, 109 AD2d 150; Handa v Handa, 103 AD2d 794; Matter of Mouscardy v Mouscardy, 63 AD2d 973.) The decision hinges upon a statutory interpretation of Social Services Law § 392. Any interpretation of statutory language is guided by the Legislature’s intent and requires, initially, looking at the plain meaning of the words used in the statute to discern such intent. (People v Cruz, 48 NY2d 419, 428, appeal dismissed 446 US 901.) For a discussion of the construction and interpretation of New York legislation see McKinney’s Consolidated Laws of NY, Book 1, Statutes §§ 92 and 94. One may depart from the literal meaning of the words used only to sustain legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes § 111.)
At the outset, it must be noted that it was not the intention of the Legislature that all issues concerning children arising out of the Social Services Law or all issues concerning children in foster care be brought to the Family Court. (See, e.g., Social Services Law §§400, 22.) It has never even been sug *688 gested that cases of children entitled to public assistance, food stamps, Medicare or a myriad of other services be heard in Family Court.
Section 392 of the Social Services Law confers on the Family Court the jurisdiction to periodically review the status of a child placed in the custody of the Commissioner of Social Services or with "an authorized agency”.
Section 392 (1) (b) provides that "child” shall mean a child under the age of 18 years in foster care, not placed under article 3, 7 or 10 of the Family Court Act.
The Law Guardian argues that the definition of the word "child” set forth in section 392 (1) (b) has been expanded by the definition set forth in Social Services Law § 398-a. The Law Guardian is not correct. The plain language of the first clause of subdivision (1) of section 398-a clearly limits the definition to section 398-a. The Legislature introduced the definition with the words "[f]or purposes of this section”. Section 398-a deals entirely with the funding of certain foster care placements, an area which would not seem to be within the ambit of Family Court jurisdiction.
It should be noted that even if the Family Court lacks jurisdiction over Matthew’s placement, he is not without a remedy. If he is entitled to continued foster care funding pursuant to Social Services Law § 398-a, and it appears that he would be, and the Commissioner refuses to provide appropriate services or funding, Matthew remains entitled to various administrative remedies and a proceeding under CPLR article 78. (See, e.g., Social Services Law § 22.)[2]
In coming to these conclusions of law, this court is not unaware of the decision in Matter of Carmelo R. (138 Misc 2d 53). To the extent that this opinion differs from that learned court, I must respectfully disagree. I must note that the problem set forth by the Carmelo R. court of the Commissioner’s habitual late filing of petitions pursuant to Social Services Law § 392 has not abated. However, the appropriate remedy to the Commissioner’s failure cannot be an extension of the Family Court’s jurisdiction absent an act of the Legislature.
THE DECISION
The petition to review Matthew’s foster care placement is *689 dismissed as moot since he has passed the age of 18 years, without prejudice to any rights Matthew might have to administrative review or to bring an appropriate proceeding in the Supreme Court.

. It is significant to note that the Commissioner has not indicated an intention to remove Matthew from his current foster care placement nor a disinclination to continue funding. Her argument, rather, is that this court is without power to compel her to do so.