Marshall E. Livingston, J.
This is a motion to strike from a complaint that portion of the third cause of action seeking damages for the husband’s loss of consortium wherein, as an element thereof, he alleges he ‘‘ has sustained severe mental anguish and distress and he has been, and will continue to be otherwise, greatly injured, and inconvenienced by the wrongful and unlawful conduct of the defendant therefore [sic] said ”.
Briefly, the gravamen of the lawsuit is this. Defendant’s pharmacist, in filling a prescription by plaintiff’s physician which called for Valpin-PB (an antispasmodic and visceral smooth muscle relaxant), mistakenly furnished the plaintiff an anticoagulant called Coumadin. The dosage on the bottle was four times a day, as properly prescribed for Valpin-PB, but a dangerous overdose of Coumadin. Plaintiff ingested the drug, subsequently bled internally and externally, and was hospitalized in critical condition with serious sequellae.
Defendant relies on Tobin v. Grossman (24 N Y 2d 609), which stands for the proposition that no cause of action lies for unintended harm sustained by one solely as the result of injuries inflicted directly upon another, regardless of relationship. In that case a mother alleged to be a witness to her child’s serious injuries was denied a cause of action for emotional, and presumably mental, anguish as a result of the experience.
On the other hand, Millington v. Southeastern Elevator Co. (22 N Y 2d 498) allowed a wife damages for loss of consortium and specifically overruled Kronenbitter v. Washburn Wire Co. (4 N Y 2d 524) decided some 10 years before.
The pleading in the instant case quoted above falls squarely within the opinion of Judge Keating in Millington v. Southeastern Elevator Co. (supra, p. 503). “ This case is particularly illustrative ” (Tobin v. Grossman, 24 N Y 2d 609, 617, supra) of the applicability of an enlightened and broadened consortium action on behalf of either spouse when the facts fairly warrant the proof (Millington v. Southeastern Elevator Co., 22 N Y 2d 498, supra).
Therefore, the third cause of action for consortium, alleging mental anguish, as it does, should not be dismissed.