Charles B. Swartwood, J.
This is a motion by defendants to dismiss the second cause of action of the complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the ground that it does not state a cause of action.
The first cause of action alleged in the complaint is for false imprisonment of the plaintiff husband, James P. Waite.
The second cause of action by the plaintiff wife, Linda D. Waite, seeks damages suffered by her by reason of the false imprisonment of her husband. The principal allegations challenged are those in paragraph “12” thereof, which states as follows: 12. That by reason of the malicious, wrongful and oppressive acts visited upon her husband by the defendants, plaintiff hereby suffered great mental and physical distress by reason of the fact that her good name and reputation, jointly with her husband, was damaged and in addition because of the *963 humiliation and scorn visited upon her husband, she was deprived of the normal consortium, companionship and society of her husband for a period of time and continues to be so deprived, all to her damage in the sum of Five thousand dollars ($5,000.00).”
Though defendants’ motion is addressed to the whole of the second cause of action, they break such cause of action down into components, i.e., the wife’s derivative cause of action and her independent action for damages for emotional distress. The plaintiffs also, in their counsel’s affidavit and brief, treat the second cause of action as alleging ‘1 not only a derivative cause of action but an independent claim for loss of reputation and personal embarrassment suffered as a result of the actions of the police.”
Since both treat the second alleged cause of action as containing in fact two separate causes of action, that is, (1) a cause of action for loss of consortium of the wife for the false imprisonment of the husband, and (2) a cause of action for the mental anguish and physical distress caused by damage to her own reputation arising out of the, wrongful acts of the defendants against her husband, we will do the same and treat the causes of action as though they were alleged separately.
The cause of action insofar as it alleges loss of consortium of the wife based on the wrong to the husband is sufficient. (Millington v. Southeastern Elevator Co., 22 N Y 2d 498.) There is no reason to distinguish between a negligently caused and an intentionally caused wrong to the husband as far as the wife’s cause of action for loss of consortium based thereon is concerned.
The plaintiffs ’ allegations that the wife, because of the wrong to her husband, was and continues to be “ deprived of the normal consortium, companionship and society of her husband ” is well within the definition of loss of consortium as defined in Millington v. Southeastern Elevator Co. (supra, p. 502) as follows: “ The concept of consortium includes not only loss of support or services, it also embraces such elements as love, companionship, affection, society, sexual relations, solace and more.”
The more troublesome question is whether that portion of the second cause of action which alleges an independent claim for damages for the wife’s own mental and physical distress and damage to her reputation because of the wrong visited upon her husband states a cause of action. This has been aptly denominated ‘ ‘ third party mental distress ” by Newmabk, J., in Blair v. Union Free School Dist. No. 6 (67 Misc 2d 248, 249).
In Balestrero v. Prudential Ins. Co. of Amer. (283 App. Div. 794, affd. 307 N. Y. 709) it was held that the plaintiff husband *964 could not recover for his medical expenses and loss of consortium due to his wife’s mental illness caused by the unlawful arrest of the plaintiff husband when defendant’s acts were directed solely against the husband. Since that case was decided, Millington v. Southeastern Elevator Co. (22 N Y 2d 498, supra) permitting a wife to recover for loss df consortium, and Battalla v. State of New York (10 N Y 2d 237) permitting recovery for injuries due to fright caused by defendant’s acts directed to the plaintiff, herself, have been handed down, but we believe that neither of those cases changes the .essential ruling of the Balestrero case (supra).
Though there is language in Millington v. Southeastern Elevator Co. (supra, p. 503) concerning a wife’s “ emotional anguish ” and “ mental illness ”, this appears in the context to be dicta and the essential holding of that case is stated at pages 504-505 as follows: “Once it is recognized that consqrtium now represents the interest of the injured party’s spouse in the continuance of a healthy and happy marital life and that the cause of action seeks to compensate for the injury to that relationship, it becomes evident that the cause of action is not a relic.”
The Court of Appeals in Tobin v. Grossman (24 N Y 2d 609) in an action by a mother to recover for her own mental and physical injuries, sustained as a result of her allegedly having witnessed her child being struck by a car, held in very broad language that the mother had no such cause of action, stating at page 611: “It is concluded that under the well-established applicable doctrines no cause of action lies for unintended harm sustained by one, solely as a result of injuries inflicted directly upon another, regardless of the relationship and whether the one was an eyewitness to the incident which resulted in the direct injuries. Consequently, the order dismissing such a cause of action was proper and should be affirmed.” (Emphasis added).
This language is broad enough to encompass the situation here where the wife seeks to recover for her own mental anguish caused by a wrong to her husband. The Tobin case (supra) is based on the proposition that there has to be a reasonable limit to liability and sets it pragmatically. The Court of Appeals in that case at page 613 in discussing Millington v. Southeastern Elevator Co. (22 N Y 2d 498, supra) says Millington simply allowed a wife the same rights as to recovery for loss of consortium as had theretofore been permitted a husband. In other words, it did not enlarge the elements of that type of action. We feel bound by Tobin v. Grossman (supra) and its interpre *965 tation of the Millington case. The Restatement, Torts, 2d (§ 313, subd. [2]) is in accord. See, however, Whitty v. Daw Drug Co. (68 Misc 2d 385) which apparently holds to the contrary.
Defendants ’ motion to strike that portion of the second cause of action of the complaint alleging an independent cause of action for mental distress, injuries, and humiliation of the plaintiff wife by reason of the wrong to her husband, is granted, and the motion, insofar as it seeks to dismiss the plaintiff wife’s claim for deprivation of consortium, companionship and society of her husband, is denied. The plaintiffs may serve an amended complaint to conform with this decision within 10 days of the service of the order based hereon with notice of entry.