■ JOSEPHINE D. CARBONE, Appellant, v MICHAEL ALVERIO, Respondent. — In an action, *inter alia,* to enforce the terms of a judgment of divorce rendered by the State of California, commenced by service of a summons with a notice of motion for summary judgment in lieu of a complaint, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated March 19, 1981, as denied her motion. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted to the extent of incorporating the "judgment of dissolution of marriage" rendered by the Superior Court of California, County of Los Angeles, into a New York judgment, and granting plaintiff arrears due thereunder. The matter is remitted to Special Term for a hearing as to the amount of arrears and on the issue of counsel fees. The plaintiff was awarded a judgment of divorce against defendant in California in 1979. The provisions of a prior separation agreement were incorporated into that judgment. The judgment provides, *inter alia,* for the support and maintenance of the infant

child of the marriage in the amount of $175 monthly for the period of November 1, 1978 through August, 1979, and in the amount of $300 monthly commencing September, 1979. The judgment also obligates defendant to maintain life, medical and dental insurance for the benefit of the child. Plaintiff commenced this action by service of a summons with a notice of motion for summary judgment in lieu of the complaint pursuant to CPLR 3213. She seeks a judgment for arrears alleged to be due under the California judgment, incorporation of the provisions of the California judgment into a New York judgment, and counsel fees. Defendant cross-moved for an order rescinding and/or reforming the separation agreement and modifying the financial provisions of the judgment of divorce. He alleged that he had consented to the agreement increasing the amount of child support upon his wife's fraudulent misrepresentation that she needed additional money to maintain their daughter in a private school. He also contested the amount of the arrears. Plaintiff denied making any misrepresentations and asserted that further arrears existed. Special Term, *inter alia,* denied plaintiff's motion for summary judgment, finding triable issues of fact to be present, and directed defendant to serve a responsive pleading. A party to a separation agreement may not collaterally attack the validity of the agreement on the grounds of fraud or mistake after it has been incorporated in a valid, bilateral divorce decree (with certain exceptions not here applicable) (*Galyn v Schwartz,* 56 NY2d 969; *Rehill v Rehill,* 306 NY 126; *Resslhuber v Resslhuber,* 57 AD2d 552). While a judgment may be attacked where extrinsic fraud is alleged to have deprived the opposing party of a trial as, for example, by keeping him away from court by a false promise of compromise or discontinuance of the action (see, e.g., *Tamimi v Tamimi,* 38 AD2d 197), no extrinsic fraud is claimed here. The wife's alleged misrepresentations of her financial status are "in essence no different from any other type of perjury committed in the course of litigation", and thus constitute intrinsic fraud (see *Chenu v Board of Trustees of Police Pension Fund of City of N.Y.,* 12 AD2d 422, 424, affd 11 NY2d 688, remittitur amd 11 NY2d 765, cert den 370 US 910). The full faith and credit clause does not require this State to grant any greater degree of finality to a judgment than is granted by the forum State (*Sistare v Sistare,* 218 US 1; *Johnson v Muelberger,* 340 US 581; see, also, *Feinberg v Feinberg,* 96 Misc 2d 443, affd 70 AD2d 612, on the opn of Justice Gibbons at Special Term). Thus, where a sister State statute permits its courts to modify decrees insofar as they deal with maintenance and support, the courts of this State have the power to act in like fashion (*Langerman v Langerman,* 303 NY2d 465). Taking judicial notice of California law, pursuant to CPLR 4511, we note that California does not permit retroactive modification of decrees insofar as they relate to the support and maintenance of the minor children of a marriage (see California Civil Code, § 4700, subd [a]; § 4811, subd [a]; *Keck v Keck,* 219 Cal 316; *Sanford v Sanford,* 273 Cal App 2d 286; *Vick v Superior Ct. for County of Los Angeles,* 239 Cal App 2d 105). Thus, the California divorce judgment must be accorded full faith and credit as to any arrears. The provisions of the judgment of dissolution of marriage duly rendered by the California court, including the medical, dental and life insurance provisions, should be incorporated into a New York judgment (see *Mittenthal v Mittenthal,* 99 Misc 2d 778). As the parties disagree as to the months for which support payments have been made, the matter must be remitted for a hearing upon this question. Although counsel fees are awardable in a case such as this, the record does not suffice to demonstrate whether it would be appropriate to assess them partially or entirely against the defendant or what the services were worth. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.