Reginald W. LANE, Plaintiff,

v.

Theodore C. REID, Paul Kimelman, Neal Breen, Nichalos J. Bruno, John S. Mazzuca, and James Farrell, Defendants.

No. 81 Civ. 5156 (CBM).

United States District Court,
S.D. New York.

June 13, 1983.

---

Reginald W. Lane, pro se.

Robert Abrams, Atty. Gen., State of N.Y. by Ellen S. Weisburd, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

By opinion dated February 17, 1983, this court granted plaintiff's motion to file an amended complaint, dismissed claims for injunctive relief as moot, and denied defendants' motion for judgment on the pleadings. *See* No. 81 Civ. 5156 (S.D.N.Y. Feb. 17, 1983) (setting forth background of this case). Plaintiff subsequently filed an amended complaint which sets forth two claims: 1) that he was transferred from Fishkill Correctional Facility ("Fishkill") to Taconic Correctional Facility ("Taconic") for filing the instant lawsuit in violation of his First Amendment rights and 2) that he was denied the right to both a full-time job and a full-time education, allegedly guaranteed by statute, without due process of law as guaranteed by the Fourteenth Amendment. Defendants have now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For

the reasons set forth below, defendants' motion is granted.

*Discussion*

A motion for summary judgment may be granted when 1) there are no disputed issues of material fact requiring trial and 2) the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *New York State Energy Research and Development Authority v. Nuclear Fuel Service,* 666 F.2d 787, 789 (2d Cir.1981).

### I. *First Amendment Issue*

Although Lane alleges that he was transferred against his will, the record indicates that approximately four months after filing the original complaint the plaintiff requested that he be transferred to Taconic.

According to the transfer request, Lane wished to be transferred to Taconic in order to enroll in the Mercy College Criminal Justice Program. *See* Exhibit A annexed to Affidavit of Ellen S. Weisburd in Support of Defendants' Motion ("Exhibit A"). Plaintiff had completed the college program at Fishkill and now sought a program in criminal justice, which was unavailable at Fishkill. The transfer request specifically states: "Inmate has completed the college program and now seeks a program in criminal justice." *Id.* at 1.

Plaintiff now alleges that he never willfully requested to be transferred to Taconic. *See* Plaintiff's Traverse in Reply to Defendants' Motion ¶ 5. The request for transfer was filed by a M. Jackson, a correction counselor, whom the plaintiff describes as "one of the only persons there at Fishkill who [sic] plaintiff could converse freely with and confine [sic] in." *See* Plaintiff's Supporting Affidavit at 5. After an initial meeting with plaintiff, Jackson notified Lane on December 31, 1981, that she was going to request a transfer. Plaintiff did not object to the transfer although he had the opportunity to do so. Indeed, it appears that Jackson was acting at plaintiff's request. *See* Exhibit A; Plaintiff's Supporting Affidavit at 5–6.

Plaintiff now alleges that his transfer was involuntary since he feared for his safety. He claims that "he was concerned about his welfare and safety at Fishkill and [sic] was Mrs. Jackson." *See* Plaintiff's Traverse ¶ 12 at 6. Lane now claims that two prison officials tried to convince various correction officers to issue disciplinary reports against him. However, plaintiff then states that these efforts "failed" because many of the correction officers "refused to become involved." *See* Plaintiff's Supporting Affidavit at 5. Plaintiff does not allege that he was threatened or harmed at any time. Further, plaintiff's original transfer request states that he wanted to be moved in order to advance his education. *See* Exhibit A.

■ It is apparent that plaintiff requested and consented to a transfer to Taconic. The sparse allegations of coercion which he now asserts do not alter this court's ruling that the transfer was voluntary. Moreover, these allegations, even if true, do not indicate any threat of force or violence. Rather, they indicate what was at best a failed attempt to harass the plaintiff. Such allegations are wholly inadequate to support a claim that the transfer was in retaliation for plaintiff's exercise of his constitutional rights. The court concludes that the transfer was a proper exercise by the state of its supervisory powers over its prisons and that this court shall not pass upon the "day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges." *Meachum v. Fano,* 427 U.S. 215, 225, 228–29, 96 S.Ct. 2532, 2538, 2540, 49 L.Ed.2d 451, *reh'g denied,* 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976) ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.").

### II. *Due Process Issue*

■ Plaintiff maintains that he is legally entitled to both a full-time job and a full-

time education. Plaintiff alleges that Fishkill's policy requiring full-time college students to work on a part-time basis deprived him of a statutory right without due process of law. Plaintiff bases his claim upon the Fourteenth Amendment and N.Y. Correct. Law § 136 (McKinney Supp. 1982–83). While due process rights are created by the Constitution, property or liberty interests are created by state or federal law. *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972). Accordingly, the court must initially look to the statute to determine whether it confers a property or liberty interest which is subject to due process protection.

■ Section 136 does not confer a right to both a full-time education and a full-time job. Section 136 provides that each inmate shall be given a program of education. Correctional education is designed to return the inmate to society as a "wholesome" and "good citizen." The statute, however, does not specify any detailed educational program and does not confer either a property or a liberty interest in a full-time education. Furthermore, the statute does not mention any right to a full-time job or employment in general. An individual's expectation of retaining a position of employment does not constitute a property or liberty interest. *Baden v. Koch,* 638 F.2d 486, 489 (2d Cir.1980); *see Board of Regents v. Roth,* 408 U.S. at 578, 92 S.Ct. at 2709–10.

■ Fishkill's administrative policy, entitling the inmate to attend college on a full-time basis and maintain a part-time job, clearly satisfies the broad language of Section 136. Plaintiff had the opportunity to participate in a full educational program, taking four courses each semester at Duchess Community College. *See* Exhibit E annexed to Plaintiff's Affidavit. Thus, plaintiff cannot claim that he was deprived of his right to a correctional education. Furthermore, plaintiff has no constitutionally protected interest in his work assignment as a full-time library clerk. Plaintiff's expectation of retaining his job on a full-time basis does not amount to a property interest. The mere fact that Lane's work hours were reduced does not violate his due process rights. Since the applicable statute creates neither a property nor a liberty entitlement to both a full-time education and a full-time job, Fishkill's administrative policy does not violate plaintiff's constitutional rights as guaranteed by the due process clause of the Fourteenth Amendment.

*Conclusions*

Accordingly, the court grants summary judgment to the defendants as there are no disputed issues of material fact and the moving parties are entitled to judgment as a matter of law. The court certifies that any appeal from this order *in forma pauperis* should not be viewed as taken in good faith, inasmuch as such an appeal would be frivolous. 28 U.S.C. § 1915(a) (1976); *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.