■ SHARON A. JOHNSON, Appellant, v TOWN OF COLONIE, Defendant, and COUNTY OF ALBANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 15, 1983 in Albany County, which granted defendant County of Albany's motion to dismiss the complaint. ¶ Pursuant to a warrant issued by the Town Court of Colonie, plaintiff was arrested on March 24, 1981 and charged with the crime of forgery in the second degree. Subsequently, the charge was dropped when another individual was arrested and identified as the perpetrator of the charged crime. Thereafter, plaintiff commenced this action against the Town of Colonie and County of Albany, wherein she alleged that an Assistant District Attorney of Albany County had continued the prosecution despite his personal knowledge that plaintiff had not committed the crime of forgery. ¶ When plaintiff's demand for punitive damages against defendants Town of Colonie and County

of Albany was dismissed, she was granted leave to amend her complaint. The amended complaint, *inter alia,* alleged a cause of action under section 1983 of title 42 of the United States Code. The County of Albany moved to dismiss the amended complaint on the ground that it failed to state a cause of action (CPLR 3211, subd [a], par 7). Special Term granted the motion and this appeal by plaintiff ensued. We affirm. ¶ The basis for the action against the County of Albany is allegations of conduct on the part of one of its Assistant District Attorneys. Special Term held that the Assistant District Attorney's actions were taken in connection with the prosecution of a crime and that, therefore, he enjoyed an absolute immunity from civil liability. It must be kept in mind in this regard that the Assistant District Attorney is not named as a defendant in this action. The defendants are the County of Albany and the Town of Colonie, and only the county was involved in the motion to dismiss. ¶ The amended complaint essentially states three causes of action: the section 1983 cause of action, along with causes of action for false imprisonment and malicious prosecution. Dealing first with the section 1983 cause of action, a municipality may not be held liable pursuant to that statute solely on a theory of *respondeat superior.* Rather, there must be some direct, affirmative culpability on the part of the municipality (*Monell v New York City Dept. of Social Servs.,* 436 US 658, 691; *La Belle v County of St. Lawrence,* 85 AD2d 759, 760). Since plaintiff's section 1983 cause of action against the county is based solely on the individual actions of its employee, that cause of action was properly dismissed. ¶ Plaintiff's common-law causes of action may proceed on a theory of *respondeat superior* (*Jones v State of New York,* 33 NY2d 275). The cause of action for false imprisonment must be dismissed since plaintiff's arrest was effected by a warrant (*Broughton v State of New York,* 37 NY2d 451, 456-458, cert den 423 US 929; *Smith v County of Livingston,* 69 AD2d 993, 994). ¶ With regard to the malicious prosecution action, the county urges that the Assistant District Attorney was prosecuting a crime and thus enjoyed an absolute immunity. While the Assistant District Attorney is not a party to this action, the issue of his immunity is relevant since "the wrong of the servant serves as the basis of liability of the master to the injured party" (*Geltzer v Russell,* 49 AD2d 823, 824). The decision of whether to prosecute or to submit a matter to the Grand Jury is entrusted to the discretion of the prosecutor. It is to such discretionary duties that an absolute immunity attaches. Actions performed by the prosecutor which are associated with the prosecutorial phase of the criminal process are deemed quasi-judicial in nature and invoke the doctrine of absolute immunity to bar civil liability for such action, even if it be assumed that such actions were done maliciously (*Schanbarger v Kellogg,* 35 AD2d 902, app dsmd 29 NY2d 649, cert den 405 US 919). Since the challenged actions of the Assistant District Attorney were taken in the context of a criminal prosecution, absolute immunity arises and the malicious prosecution cause of action as against the county was properly dismissed. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.