**Steven SINGER and Dulce Reyes Singer, Plaintiffs,**

v.

**Emily Singer BELL; Michael Bell; Sheldon M. Liebowitz; Liebowitz, Liebowitz and Clark, Esqs., a partnership; Ron Bellistri; Gary "Doe"; "Richard Roe"; "John Doe # 1"; "John Doe # 2"; and the Sheriff's Department of Bergen County, New Jersey, Defendants.**

**No. 83 Civ. 5765 (EW).**

United States District Court, S.D. New York.

July 10, 1985.

Eagle & Fein, P.C., New York City, for plaintiffs; Patrick J. Carr, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendants Emily Bell and Michael Bell; R. Peyton Gibson, Robbie E.B. Narcisse, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Defendants Emily and Michael Bell move pursuant to Rule 12(b)(6), Fed.R.Civ.P., to dismiss plaintiffs' claims against them for failure to state a claim upon which relief may be granted. In response, plaintiffs Steven and Dulce Reyes Singer move to amend their complaint, pursuant to Rule 15(a).

This action arises out of a decree of divorce entered in the Superior Court of the State of New Jersey in November 1972 which directed plaintiff, Steven Singer ("Singer"), to pay his divorced wife, Emily Singer Bell, a defendant herein, support for the benefit of their three children. Subsequent to the issuance of the divorce decree, plaintiff Singer failed to make child support payments to his former wife. In November 1980, an order was entered in the Superior Court of the State of New Jersey directing Singer to pay arrearages to defendant Emily Bell which totalled in excess of $48,000. Upon Singer's willful failure to comply with the order, Emily Bell applied for and was granted a warrant for his arrest. About one year after the issuance of the warrant, the validity of which is not questioned, Singer was arrested by members of the Sheriff's Department of Bergen County, New Jersey, on August 10, 1982, in Weehawken, New Jersey. At the time, it appears he was a resident of the State of New York.

The original and proposed amended complaints are based upon Singer's contention that his former wife, Emily Bell, with the aid of others, enticed him into the jurisdiction of New Jersey from New York for the purpose of executing the arrest warrant. Singer claims that defendant Ron Bellistri telephoned him to arrange a business meeting to take place at the Silver Fox restaurant in Weehawken, New Jersey, and that, on August 10, 1982, Bellistri and two other unknown individuals met Singer at his business premises in New York and transported him by automobile to Weehawken where he was met at the restaurant and arrested by members of the Bergen County Sheriff's Department. He was jailed overnight and, after a hearing the next morning before a judge of the New Jersey Superior Court, was released when his former wife admitted she had lured him into New Jersey. Singer claims that the conduct of the defendants deprived him of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, and seeks compensatory and punitive damages pursuant to 42 U.S.C. §§ 1983 and 1985. In addition, plaintiff Dulce Reyes Singer (Singer's current wife) claims damages for emotional distress and loss of consortium.

The Court has twice previously considered the precise factual contours of Singer's claims in connection with motions to dismiss for lack of personal jurisdiction by Emily Bell's attorneys, who represented her in procuring the arrest warrant, and by members of the Sheriff's Department of

Bergen County who executed the warrant. Familiarity with the Court's opinions granting those motions is assumed.[1]

## DISCUSSION

Leave to amend a pleading is to be liberally granted under Rule 15(a) and, accordingly, the Court grants plaintiffs' motion to amend their complaint.[2] However, the defendants contend that the amended pleading is basically a restatement of the original complaint and, accordingly, urge dismissal of the amended pleading.

■ At the outset, it is apparent that two of Singer's three federal claims must be dismissed. Singer claims that the defendants' conduct in enticing him into New Jersey constituted a violation of 42 U.S.C. §§ 1985 and 1986. To recover under either statute,[3] however, plaintiff must allege and prove a "class-based, invidiously discriminatory animus" as the source of the alleged constitutional deprivation. No such class-based animus has been alleged, nor could such a claim be advanced. Accord-

ingly, Singer's claims under sections 1985 and 1986 must be dismissed.[4]

■ Singer also alleges a deprivation of his constitutional rights actionable pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, Singer must allege not only that defendants Emily and Michael Bell deprived him of a right secured by the Constitution or laws of the United States, but also that, in doing so, they were acting under color of state law.[5] Thus, even assuming that plaintiff could establish a violation of his constitutional rights, he may not prevail unless the actions upon which his claims are based are "fairly attributable to the State."[6] Section 1983 does not prohibit purely private conduct.[7]

■ To act 'under color of' state law for section 1983 purposes, however, does not require that a defendant be an officer of the State. "It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color of' law for purposes of § 1983 actions."[8] According-

1. *Singer v. Bell,* 599 F.Supp. 350 (S.D.N.Y.1984); *Singer v. Bell,* 585 F.Supp. 300 (S.D.N.Y.1984).

2. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, to the extent the amended complaint adds as a defendant Allen Gonzalez, an investigator with the Bergen County Sheriff's Department, the motion is denied, this Court already having determined that the complaint lacks any factual basis for the assertion of personal jurisdiction over members of the Sheriff's Department. 599 F.Supp. 350 (S.D.N.Y.1984).

3. To recover under 42 U.S.C. § 1986, a claim under section 1985 must be stated. *See Landrigan v. City of Warwick,* 628 F.2d 736, 739 n. 1 (1st Cir.1980).

4. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) ("The language requiring intent to deprive of *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.") (emphasis in original) (footnote omitted); *see also United Bhd. of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed. 1049 (1983).
 Even if the Court were to accept plaintiffs' theory that membership in a class and class-

based discriminatory animus are not necessary where state action or color of state law is alleged, *see Selzer v. Berkowitz,* 459 F.Supp. 347, 351–52 (E.D.N.Y.1978); *but see Lesser v. Braniff Airways, Inc.,* 518 F.2d 538, 543 (7th Cir.1975), the Court's disposition of Singer's section 1983 claim illustrates that this theory would not in any event save his section 1985 and 1986 claims. *See also United Bhd. of Carpenters & Joiners, Local 610 v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).

5. *Rendell-Baker v. Kohn,* 457 U.S. 830, 835, 102 S.Ct. 2764, 2768, 73 L.Ed.2d 418 (1982); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978); *Civil Rights Cases,* 109 U.S. 3, 11, 3 S.Ct. 18, 21, 27 L.Ed. 835 (1883); *Annunziato v. The Gan, Inc.,* 744 F.2d 244, 249 (2d Cir.1984).

6. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982).

7. *Cf. United States v. Barr,* 295 F.Supp. 889, 891 (S.D.N.Y.1969) (criminal counterpart of section 1983; private conduct authorized by State).

8. *Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct.

ly, plaintiff alleges that defendants Emily and Michael Bell conspired with members of the Bergen County Sheriff's Department (as to whom the action has already been dismissed) to entice him into New Jersey for the purpose of executing a warrant for his arrest.

■ Plaintiff's allegation of a conspiracy between the Bells and state officials to entice Singer into New Jersey is insufficient to establish the requisite state action. While the Court is required to assume the truth of specific factual allegations, mere conclusory or "general allegations of cooperation" between private individuals and specific state agents do not make out a claim of action taken under color of state law.[9] As this Court noted in its prior opinion dismissing plaintiff's complaint against the Sheriff defendants for lack of personal jurisdiction, plaintiff has "fail[ed] to set forth a single evidentiary fact upon which an inference of knowing attachment to a conspiracy by the Sheriff defendants can reasonably be drawn...."[10]

■ The newly amended complaint does not alter that conclusion. Plaintiffs allege that, at the hearing following Singer's arrest, defendant Emily Bell, who had procured the arrest warrant, admitted she had lured her former husband into New Jersey. Plaintiff also alleges that Michael Bell, immediately prior to Singer's arrest, described him to the arresting officers and furnished photographs of him to them.[11]

■ That the aggrieved former wife, having secured a warrant for her former husband's arrest pursuant to law and he having evaded service of that judicial process by absenting himself in another state, enticed him into the State of New Jersey does not constitute state action. Emily Bell was not acting 'under color of law' for the purposes of a section 1983 action. Her "luring" of plaintiff Singer into the state, assuming it was unlawful, was her own independent, individual action, and was not the exercise of a state created right or privilege. There is, and can be, no claim that the order of the Superior Court of the State of New Jersey which found Singer in contempt for failure to make payments for support of his children or the warrant of arrest issued pursuant thereto was defective or unconstitutional. There is no basis to support any claim of unauthorized conduct by the State or its officials.[12] Emily Bell's individual action, having resulted in plaintiff's presence within the State of New

1598, 1605, 26 L.Ed.2d 142 (1970); *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966).

**9.** *Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir. 1980); *see Annunziato v. The Gan, Inc.,* 744 F.2d 244, 251 (2d Cir.1984) (citing cases); *San Filippo v. U.S. Trust Co. of New York, Inc.,* 737 F.2d 246, 256 (2d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985); *see also Hobson v. Wilson,* 737 F.2d 1, 30 (D.C.Cir.1984), *cert. denied sub nom. Brennan v. Hobson,* — U.S. —, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985).

**10.** *Singer v. Bell,* 599 F.Supp. 350, 353 (S.D.N.Y. 1984).

**11.** In the amended complaint, plaintiffs also allege "upon information and belief," that Michael Bell is a "law enforcement officer," and that Bell was present when the Bergen County Sheriff's Department arrested Singer. Such a claim does not suffice to provide the requisite state action where there is no allegation that Bell was a *state* law enforcement officer, and where there are no facts alleged from which it might be inferred he was acting in any way in an official capacity, if he were a state officer. *See Layne v. Sampley,* 627 F.2d 12, 13 (6th Cir.1980); *Robinson v. Davis,* 447 F.2d 753, 758–59 (4th Cir.1971), *cert. denied,* 405 U.S. 979, 92 S.Ct. 1204, 31 L.Ed.2d 254 (1972); *Lawson v. Wiggins,* 557 F.Supp. 500 (N.D.Ala.1983).

**12.** Under the Supreme Court's decision in *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982), a constitutional deprivation is only fairly attributable to the State when that "deprivation is *caused* by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Dahlberg v. Becker,* 748 F.2d 85, 90 (2d Cir.1984) ("A private party's misuse of New York's Judiciary Law that causes plaintiff to be imprisoned overnight is not fairly attributable to New York State."), *cert. denied,* — U.S. —, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Here, as in *Dahlberg,* and unlike in *Lugar,* there is no allegation that the procedure by which Emily Bell obtained the warrant is constitutionally defective.

Jersey, rendered him amenable to its lawful process—in this case—the execution of the warrant of arrest. She had the right to call upon the Sheriff to perform his duty to execute the lawfully issued warrant.

■■■ So, too, when Michael Bell identified Singer as the individual named in the arrest warrant, he was not acting 'under color of' state law, but as an individual who sought to invoke legal means to execute a warrant legally issued. The fact that state officials were informed as to the time and place of Singer's arrival in New Jersey and were given proof of his identity is insufficient, in itself, to raise an inference of purposeful participation by members of the Sheriff's Department to assist in *enticing* Singer into New Jersey. From such an allegation, no inference may be drawn that there was a "meeting of the minds" between state officials and the Bells to lure Singer from New York. Receipt of the information as to an outstanding warrant for Singer's arrest and proof of his identity obligated members of the Sheriff's Department to do what in fact they did, which was to execute a validly issued warrant for Singer's arrest. The Court finds that plaintiffs' amended complaint fails to "specifically present facts tending to show agreement and concerted action" between the defendants and state officials.[13] Accordingly, it is insufficient to state a claim under 42 U.S.C. § 1983 as against Emily and Michael Bell, there being no factual basis upon which it may be claimed that

any alleged infringement of Singer's constitutional rights may fairly be attributed to the State.[14]

While the federal claims raised by Singer fail as a matter of law, still to be considered is the general allegation in the complaint that plaintiffs' claims arise "under the laws of the State of New York." Diversity jurisdiction is alleged and, therefore, to prevail upon their motion, the Bells must also establish that the complaint fails to state a claim under state law.

The Court notes at the outset that the reference to state law in the complaint is only a general one and no specific claim is made as to any particular state law cause of action. The plaintiffs have provided no response to defendants' exhaustive analysis urging the rejection of plaintiffs' possible claims. Nevertheless, a complaint may only be dismissed where it is found that under no set of facts can plaintiff sustain a legal claim.[15] Accordingly, the Court considers the facts as alleged to determine whether there is any state law claim to which they may give rise.[16]

■■■ Plaintiffs' alleged claims of false arrest, malicious prosecution, or abuse of process are thwarted at the start by Singer's concession that he owed the sums due to his former wife and that the arrest was effected pursuant to a valid warrant issued and sought for the purpose of collecting those sums.[17] Further, although reference

**13.** *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983); *see* cases cited *supra* note 9.

**14.** *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 940–41, 102 S.Ct. 2744, 2755, 73 L.Ed.2d 482; *Dahlberg v. Becker,* 748 F.2d 85, 90, 93 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *see also Annunziato v. The Gan, Inc.,* 744 F.2d 244, 251 (2d Cir. 1984); *Conway v. Village of Mount Kisco, New York,* 750 F.2d 205, 214 n. 12 (2d Cir.1984).

**15.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985).

**16.** Despite plaintiffs' reference in the complaint to New York law, a New York court would likely look to New Jersey law, given that the claimed torts involve execution of New Jersey

process within New Jersey. *See Sims v. Union News Co.,* 284 A.D. 335, 131 N.Y.S.2d 837 (1st Dep't 1954). Under either New York or New Jersey law, Singer's claims are unavailing. *See infra* notes 17, 18, 19 & 20.

**17.** *See Earl v. Winne,* 14 N.J. 119, 101 A.2d 535, 539–40 (1953); *Gambocz v. Apel,* 102 N.J.Super. 123, 245 A.2d 507, 509 (1968); *Baldwin v. Point Pleasant Beach & Surf Club,* 3 N.J.Super. 284, 66 A.2d 62, 63 (1949); *Broughton v. State of New York,* 37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y. S.2d 87, 94, *cert. denied sub nom. Schanbarger v. Kellogg,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975); *Williams v. Williams,* 23 N.Y.2d 592, 246 N.E.2d 333, 298 N.Y.S.2d 473, 476 (1969); *Johnson v. Town of Colonie,* 102 A.D.2d 925, 477 N.Y.S.2d 513, 514 (3d Dep't 1984); *Saunsen v. State,* 81 A.D.2d 252, 440 N.Y.S.2d 281, 282 (2d Dep't 1981) (per curiam).

is made in the complaint to Singer's "abduction" from New York, such a conclusory allegation does not state a claim of false imprisonment where it is acknowledged that Singer was informed of and agreed to a proposed business meeting (even though feigned) in New Jersey; and where there is no allegation that any threat or force was applied either to get him to agree to the meeting or to travel to the place of the meeting, or that he was restrained or coerced in any manner to force his appearance in New Jersey. In the absence of any allegation that he was forcefully removed from New York to compel his attendance at a prearranged meeting in New Jersey, the allegation of "abduction" is conclusory and without substance.[18] Similarly, any claim for invasion of privacy based upon the alleged publication of the arrest is unavailing for an arrest is a matter of public record.[19]

■ Finally, any claim of fraud must fail, even accepting Emily Bell's admission that she induced Singer to come into the jurisdiction. An essential element of a claim of fraud is reliance upon the fraudulent representation.[20] There is no basis here upon which Singer can assert justifiable reliance or belief that he would

be immune from the prospect of execution of an arrest warrant he had succeeded in evading by remaining outside the jurisdiction of New Jersey. He knew that upon entry into New Jersey for a business meeting, whether real or fictitious, or for whatever reason, he was subject to arrest under a lawful warrant.[21]

The plaintiffs, for the third time in resisting various motions to dismiss their complaint, urge that they be permitted pretrial discovery of the defendants, despite the fact that they argue, as in each prior instance, that their complaint states sufficient claims to withstand defendants' motion under Rule 12. Pretrial discovery was sought when the New Jersey attorneys who were defendants moved to dismiss for lack of personal jurisdiction;[22] and, when the New Jersey Sheriff defendants made their motions to dismiss the complaint, the Court found that

> although this action has been pending for more that a year and plaintiffs' complaint against the attorneys was dismissed more than eight months ago, during which plaintiffs were fully aware of the factual shortcomings of their claim against the Sheriff defendants, they

Although under New York law a validly issued arrest warrant will not bar a false arrest or imprisonment action where the issuing Court lacked subject matter or personal jurisdiction, *see Nuernberger v. State,* 41 N.Y.2d 111, 359 N.E.2d 412, 390 N.Y.S.2d 904, 906 (1976); *Troutman v. State,* 273 A.D. 619, 79 N.Y.S.2d 709, 711 (3d Dep't 1948), there is no valid claim here that the New Jersey court lacked jurisdiction to issue the warrant. *See Kase v. Kase,* 18 N.J.Super. 12, 86 A.2d 587, 589 (1952) ("For the purpose of alimony, the court retains jurisdiction after the final decree of divorce; the parties remain in court").

**18.** *See Earl v. Winne,* 14 N.J. 119, 101 A.2d 535, 539 (1953); *Broughton v. State of New York,* 37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y.S.2d 87, 93, *cert. denied sub nom. Schanbarger v. Kellogg,* 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975).

**19.** *See Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95·S.Ct. 1029, 43 L.Ed.2d 328 (1975).

**20.** *See Deyo v. Hudson,* 225 N.Y. 602, 122 N.E. 635 (1919); *Harris v. Perl,* 41 N.J. 455, 197 A.2d 359, 365 (1964); *Lanzi v. Brooks,* 54 A.D.2d 1057, 388 N.Y.S.2d 946, 948 (3d Dep't 1976), *aff'd,* 43 N.Y.2d 778, 373 N.E.2d 278, 402 N.Y. S.2d 384 (1977); *Verschell v. Pike,* 85 A.D.2d 690, 445 N.Y.S.2d 489, 491 (2d Dep't 1981); *Harris v. Camilleri,* 77 A.D.2d 861, 431 N.Y.S.2d 65, 68 (2d Dep't 1980).

**21.** Although Singer maintains that the warrant was procured by Emily Bell, knowing that Singer's child support obligations had been discharged in bankruptcy, such a claim is clearly contrary to law. Alimony and child support are not dischargeable in bankruptcy, *see In re Spong,* 661 F.2d 6 (2d Cir.1981); *Golden v. Golden,* 411 F.Supp. 1076 (S.D.N.Y.), *aff'd on opinion below,* 535 F.2d 213 (2d Cir.1976), and certainly not where the November 1980 judgment occurred almost five years after the order of the bankruptcy court was entered.

**22.** *Singer v. Bell,* 585 F.Supp. 300, 304 (S.D.N.Y. 1984).

failed to depose the Sheriff defendants or other persons on the issue.[23]

The plaintiffs' current motion to amend was made only after the Bell defendants made their motion to dismiss. It is evident that plaintiffs were in possession of all facts essential to assert a valid claim, federal or state, if a factual basis therefor existed. The fact is that the amended complaint is merely a "restatement of the original complaint embellished with additional conclusory allegations and a few factual allegations."[24] It is evident that the suggested pretrial discovery sought by plaintiffs is a renewed plea for a "hunting license to conjure up a claim that does not exist."[25]

Accordingly, plaintiffs' claims against defendants Emily and Michael Bell are dismissed in their entirety.[26]

So ordered.

**23.** *Singer v. Bell,* 599 F.Supp. 350, 353 (S.D.N.Y. 1984).

**24.** *Salwen Paper Co., Inc., Profit Sharing Retirement Trust v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 79 F.R.D. 130, 134 (S.D.N.Y.1978).

**25.** *Samuels v. Eleonora Beheer, B.V.,* 500 F.Supp. 1357, 1362 (S.D.N.Y.1980), *aff'd without opinion,* 661 F.2d 907, 910 (2d Cir.1981); *Singer v. Bell,* 585 F.Supp. 300, 304 (S.D.N.Y.1984); *see*

*Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 107 (2d Cir.1981).

**26.** Because the claim of plaintiff Dulces Reyes Singer for loss of consortium is dependent upon the success of her husband's claim, it is dismissed. In addition, any claim for "emotional distress" due to her husband's arrest is equally unavailing. *See Waite v. City of Elmira,* 69 Misc.2d 962, 331 N.Y.S.2d 482 (Chemung Co. 1972).