Steven SINGER and Dulce Reyes
Singer, Plaintiffs,

v.

Emily Singer BELL and Michael
Bell, Defendants.

No. 83 Civ. 5765 (EW).

United States District Court,
S.D. New York.

Feb. 6, 1986.

Eagle & Fein, P.C., New York City (Patrick J. Carr, of counsel), for plaintiffs.

Weil, Gotshal & Manges, New York City (R. Peyton Gibson and Robbie E.B. Narcisse, of counsel), for defendants.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff originally brought an action under 42 U.S.C. §§ 1983, 1985, alleging violations of his civil rights arising from what he claimed was a conspiracy to trick him into New Jersey, where an arrest warrant had issued against him for failure to comply with child-support orders of the New Jersey state courts. The Court dismissed plaintiff's various claims.[1] Defendant Emily Bell counterclaimed for enforcement in this Court of orders of the New Jersey courts determining arrearages in child-support payments, and for enforcement of her separation agreement with respect to tax deficiencies assessed against the couple on income tax returns filed jointly by them during the period of their marriage. Defendant Emily Bell now seeks summary judgment on her counterclaims, and also seeks costs and fees under Fed.R.Civ.P. 11 for the allegedly frivolous litigation which Singer instituted in this Court.

With respect to the counterclaim for unpaid child support, defendant Emily Bell has secured two judgments from Superior Court in the State of New Jersey, dated November 3, 1980, and June 25, 1981, determining arrearages in child support of $48,031 and $3,690, respectively. Plaintiff Steven Singer has willfully evaded the jurisdiction of the New Jersey courts, but there is no dispute that these orders were entered to enforce Singer's child support obligations arising from a final judgment of divorce entered in the New Jersey Superior Court January 25, 1974, and whose jurisdiction over the parties is also not open to dispute. These orders are entitled to full faith and credit in New York, and judgment may be entered thereon in this Court.[2]

In addition to these previously determined arrearages, defendant seeks judgment for other unpaid child support pursuant to the terms of the New Jersey Superior Court's order of November 3, 1980, which required plaintiff Steven Singer to make monthly child support payments of $280 for each of his two minor children. It has long been a settled principle that an order determining future payments of alimony or child support is entitled to full faith and credit; past due payments under that order are "a debt of record."[3] Where the jurisdiction issuing the order retains the power to modify the judgment, enforcement of the judgment as to yet undetermined amounts is not compelled by the Full Faith and Credit Clause;[4] the New York courts will, however, give effect to

1. See *Singer v. Bell*, 585 F.Supp. 300 (S.D.N.Y. 1984); *Singer v. Bell*, 599 F.Supp. 350 (S.D.N.Y. 1984); *Singer v. Bell*, 613 F.Supp. 198 (S.D.N.Y. 1985).

2. *Pearson v. Pearson*, 108 A.D.2d 402, 489 N.Y. S.2d 332 (2d Dept.1985); *Carbone v. Alverio*, 89 A.D.2d 553, 452 N.Y.S.2d 121 (2d Dept.1982); *Blackburn v. Blackburn*, 113 Misc.2d 619, 449 N.Y.S.2d 827 (Sup.Ct.1982).

3. *Barber v. Barber*, 21 How. 582, 595, 62 U.S. 582, 595, 16 L.Ed 226 (1858).

4. See *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); *Lynde v. Lynde*, 181 U.S. 183, 187, 21 S.Ct. 555, 556, 45 L.Ed. 810 (1901); *Nichols v. Nichols*, 306 N.Y. 490, 498, 119 N.E.2d 351 (1954).

such judgments as a matter of comity.[5] Defendant Emily Bell is entitled to entry of judgment for past due child support payments as determined by the November 3, 1980 order.

Under the terms of the separation agreement between the parties, dated October 23, 1973, and fully incorporated in the final judgment of divorce, plaintiff Steven Singer obligated himself to pay the full amount of any deficiencies assessed against the joint federal income tax returns filed by the parties during the period of their marriage, "as well as all accounting and legal expenses that may be incurred in the event of any contest." It is not disputed that a deficiency proceeding is currently pending, and Singer does not dispute that he has failed to pay the legal expenses associated with Emily Bell's defense in that proceeding. Defendant is entitled to specific performance of the obligations contained in the separation agreement with respect to the income tax deficiency proceedings.

Accordingly, defendant Emily Bell is entitled to judgment on her counterclaim as follows: $48,031.00 in arrearage determined by the New Jersey court in its order of November 3, 1980; plus $15,960.00 representing 57 months of payments of $280.00 per month for the support of Cherie Singer from July 1980 to April 1985; plus $18,760.00 representing 67 months of payments of $280.00 per month for the support of Gregg Singer from July 1980 to the date of this order. Plaintiff Steven Singer is entitled to set off against these amounts payments of $4,950.00 made between July of 1980 and November of 1981. Judgment may be entered for the sum of $77,801.00, and specific performance of the separation agreement as it applies to federal income tax deficiency proceedings.

Defendant Emily Bell also seeks an award of counsel fees as sanctions pursuant to Fed.R.Civ.P. 11. She contends that the original action brought by Steven Singer under 42 U.S.C. § 1983 was meritless, and that plaintiff and his counsel had no reasonable basis for the commencement of the litigation. Singer's arrest pursuant to a properly issued arrest warrant was held to be unlawful by the New Jersey Superior Court judge who had issued the warrant, on the ground that the arrest had been effected by "dirty tricks."[6] This finding requires rejection of the claim that the instant action was frivolous or without merit. Whatever one may think of the plaintiff's conduct, and whether or not one disagrees with the decision of the New Jersey Superior Court holding Singer's arrest unlawful, that decision gave reasonable grounds for the commencement of plaintiff's § 1983 action. The Court finds that a "reasonable attorney could have concluded that allegations supporting the claims might be established"; under these circumstances, the award of Rule 11 sanctions is not appropriate.[7] Accordingly, defendant's motion for attorney's fees is denied.

So ordered.

---

5. *See Mittenthal v. Mittenthal,* 99 Misc.2d 778, 417 N.Y.S.2d 175, 177 (Sup.Ct.1979) (entering judgments for past due child support under order of New Jersey court).

6. *See Singer v. Singer,* No. M–10581–72, slip op. at 3 (N.J.Super.Ct.Ch.Div. August 11, 1982).

7. *Tedeschi v. Smith Barney, Harris Upham & Co.,* 579 F.Supp. 657, 661 (S.D.N.Y.1984), *aff'd,* 757 F.2d 465 (2d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985); *see Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985).